---

POPPE, Respondent, v. FLUTH, et al., Appellants.

(199 N. W. 597.)

(File No. 5580.   Opinion filed July 19, 1924.)

1.   **Highways—Automobiles — Negligence — Defendants in Collision with Driver of Stalled Car Not Relieved Because It Was on Wrong Side of Road.**

Where plaintiff's stalled automobile was on left side of road, defendants were not required to pass it on its left, and were not relieved of liability for running into plaintiff while so passing it, because he was on the wrong side of the road.

2.   **Pleading—Motions—Demurrer — Complaint — Failure to Allege Which of Defendants Owned Automobile and Which Was Driving Held Not Fatal on Demurrer; Remedy Being by Motion.**

In an action for injuries when struck by an automobile, failure to allege which of defendants owned automobile and which

was driving was not fatal, when raised by demurrer, since defendants' remedy was by motion to make more definite and certain.

Appeal from Circuit Court, McCook County; HON. L. L. FLEEGER, Judge.

Action by William Poppe by his guardian ad litem, George Poppe, against John B. Fluth and Peter Fluth. From an order overruling their demurrers, defendants appeal. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*Bogue & Bogue,* of Parker, for Respondent.

Appellants cited: Corona Coal Co. v. Huckelbey, (Ala.) 86 So. 25; Reinartson v. Chicago Greot Western Ry. Co., 174 Fed. 710.

Respondent cited: Mader v. Piano Mfg. Co., 17 S. D. 553, 97 N. W. 843; 21 R. C. L. 524; 16 A. L. R. 463, 9 A. L. R. 939; 25 L. R. A. (N. S.) 691.

GATES, J. The complaint in this case purports to allege a cause of action for damages against two defendants jointly. Each defendant demurred separately to the complaint, which demurrers were overruled. Defendants appeal.

[1] Several grounds of demurrer are stated, but, as the argument concerns only the ground that the complaint fails to state facts sufficient to constitute a cause of action, we address ourselves to that ground only. The complaint alleges the existence of a public highway between two designated sections of land. The other portions of the complaint material to the question before us are as follows:

"(2) That on the 11th day of June, 1922, between 11 and 12 o'clock at night, the plaintiff was on the said highway, on the left-hand side thereof, going from the south to the north, and about 30 or 40 feet north of the bridge on said highway where the plaintiff was standing near his own car, but to the left of said highway, and to the left side of the traveled track upon said highway where he was having car trouble, and was unable to proceed, but took the precaution to get his car off to the left side of said highway, so that other cars might freely pass back and forth upon said highway and upon the traveled track thereof. That while being thus upon said highway at the place

described, and being in the act of making a careful endeavor to get his car started or removed from the place where the plaintiff was stalled, and without any negligence on his part, these defendants approached the place where the plaintiff was standing at a high rate of speed about 35 to 40 miles an hour, and when these defendants struck the south end of the bridge they appeared to lose control of their car and ran into the plaintiff while he was standing close to his own car on the west side of said highway and the traveled track thereon, and struck this plaintiff with such force as to seriously fracture his leg between the knee and the ankle, and otherwise bruised, lamed, and injured the plaintiff. * * *"

"(4) That at the time plaintiff was injured his car was properly lighted on said highway, and the engine was running, but the car was standing still, and the plaintiff was standing in the light of said car, and could easily be seen by any one approaching him from either direction, and at a considerable distance.

"(5) That if these defendants had approached the plaintiff at the time and place referred to driving their car at a reasonable rate of speed the said accident would not and could not have happened, and the plaintiff would not have been injured; that the said injury to the plaintiff was the result of carelessness and negligence on the part of these defendants and each of them in the operation and management of their said car."

Appellants first say:

"Plaintiff apparently was on the left or west side of his car. It was the duty of the driver of the car in which the defendants are alleged to have been in to go on the left of the plaintiff's car when approaching it from the rear. He apparently did this. If plaintiff was injured, as his complaint alleges, it was because he was on the wrong side of the road."

This argument is trivial. There is no law of the road that compelled defendants to pass plaintiff's automobile, stalled in the place it was, on its left.

[2] Appellants' other point is as follows:

"Another fatal defect is the fact that there is no allegation as to which of the defendants, if either of them, owned the car, and as to which of the defendants, if either, were driving."

This point is equally devoid of merit when raised by demurrer. If appellants desired to be informed as to these matters, their remedy was by a motion to make the complaint more definite and certain. The complaint states a cause of action. The order overruling the demurrers is affirmed.

Note.—Reported in 199 N. W. 597. See, Headnote, (1) American Key-Numbered Digest, Highways, Key-No. 176, Motor vehicles, 28 Cyc. 28 (1925 Anno.); (2) Pleading, Key-Nos. 192 (2), 367(2), Motor vehicles, 28 Cyc. 45, Pleading, 31 Cyc. 644.